# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

VIRTUE RX, LLC,

      Plaintiff,

v.                                      Case No. 5:22-cv-344-JA-PRL

THE SERA LABS, INC.,

      Defendant.

## ORDER

This case is before the Court on review of Defendant's Amended Notice of Removal (Doc. 8), Plaintiff's Motion for Remand (Doc. 12), and Defendant's Response (Doc. 14) to that motion. As set forth below, this case shall be remanded to state court, though not for the reason asserted in Plaintiff's motion.

Plaintiff initiated this action by filing a Complaint (Doc. 1-1) in state court. Defendant then removed the case to this Court, asserting diversity of citizenship as the basis for this Court's subject-matter jurisdiction. (*See* Notice of Removal, Doc. 1). But upon review of the Notice of Removal, the Court determined that Defendant did not sufficiently allege diversity of citizenship because although it alleged that Plaintiff is a citizen of Florida, Plaintiff is a limited liability company and "[a]bsent identification of Plaintiff's members and their individual citizenships, the Court can discern neither the citizenship of

Plaintiff nor whether the parties are diverse." (Order, Doc. 4, at 2). The Court thus ordered Defendant to "file an amended notice of removal that establishes the grounds for the Court's exercise of subject-matter jurisdiction over this case." (*Id.* at 2–3).

Defendant then filed its Amended Notice of Removal (Doc. 8). But instead of identifying Plaintiff's members and their individual citizenships so that the Court could assess Plaintiff's citizenship, Defendant stated in the Amended Notice that "Plaintiff confirmed in writing via counsel that it is solely a citizen of the State of Florida," attaching an email exchange. (Doc. 8 at 3; see also Doc. 8-4). The email from Plaintiff's counsel does not identify the members of Plaintiff or their citizenships; it merely states, "Virtue RX confirmed that it is solely a citizen of Florida." (Doc. 8-4 at 2).

Five days after Defendant filed its Amended Notice of Removal, Plaintiff filed its Motion for Remand (Doc. 12).[1] In that motion, Plaintiff argues that there is a lack of complete diversity because both parties are citizens of Florida. In support of its motion, Plaintiff attaches corporate filings that reflect Florida addresses for Defendant's principal place of business. In its response to the

---

[1] The currently pending Motion for Remand (Doc. 12) is actually an amended motion for remand. Plaintiff filed its first Motion for Remand (Doc. 10) the day after Defendant filed its Amended Notice of Removal. That initial motion was denied without prejudice because Plaintiff had not complied with the conferral requirements of Local Rule 3.01(g). (*See* Order, Doc. 11).

Motion for Remand, Defendant maintains that it is not a citizen of Florida but instead is a citizen of Delaware, where it is incorporated, and of California, where it has its principal place of business. (Def.'s Resp., Doc. 14). Defendant explains that due to clerical errors, the filings upon which Plaintiff relies mistakenly list Florida addresses for Defendant's principal place of business; that those addresses were merely local mailing addresses that Defendant used in Florida; that Defendant's principal place of business has always been and continues to be in California; and that Defendant "has already initiated the process to correct this clerical mistake with the Florida Sec[retary] of State's office." (*Id.* at 4–5). Defendant submitted an affidavit from its founder and CEO in support of these assertions, along with California corporate records listing a California address as Defendant's principal place of business. (*See* Doc. 14-1).

The Court accepts—as it did upon review of the original Notice of Removal—that Defendant is a citizen of Delaware and of California rather than of Florida. But despite the parties' attempt to stipulate that Plaintiff is a citizen of Florida, the Court still cannot discern Plaintiff's citizenship. Instead of providing information about the citizenship of Plaintiff's members, Defendant has presented only an "agreement" of Plaintiff's counsel. This is not sufficient for the Court to satisfy itself that it has subject-matter jurisdiction over this case. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself

raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

This is especially true in light of the attachments to Plaintiff's Motion for Remand, with which Plaintiff attempts to support its allegation of lack of diversity by trying to establish that it is a Florida citizen. But Plaintiff's attachments do not establish that Plaintiff is a citizen of Florida. Plaintiff asserts in its motion that it is "solely a member of Florida" because it has two members, "both of which are solely citizens of Florida." (Doc. 12 at 4). Plaintiff refers to affidavits in support of these allegations, but the affidavits do not establish Plaintiff's citizenship.

Plaintiff identifies its two members as Park International Export, LLC and AEF, Inc. Plaintiff states that Park International Export, LLC, in turn "has one member, Frank Mazza, who is solely a citizen of Florida." (Doc. 12 at 4). Plaintiff cites an attached affidavit of Mr. Mazza, in which Mr. Mazza attests merely that he is "a resident of Florida" and provides a Boca Raton address. (Doc. 12-8 ¶ 5). But "[r]esidence alone is not enough" to establish citizenship. Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . . .'"

4

Id. at 1257–58 (alteration in original) (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). That Mr. Mazza is a resident of Florida does not establish that it is his domicile. Thus, the Court cannot discern the citizenship of Mr. Mazza or of Park International Export, LLC.

Plaintiff fares no better with regard to explaining the citizenship of its other member, AEF, Inc. Plaintiff states that "AEF, Inc., is a corporation that maintains its principal place of business and headquarters in Florida." (Doc. 12 at 4–5). Plaintiff supports this assertion with an affidavit, (Doc. 12-7), but neither the motion nor the affidavit mentions where AEF, Inc. is incorporated—only where it "is headquartered" and has its principal place of business. (See Docs. 12 & 12-7). AEF, Inc. is a citizen of Florida because it has its principal place of business here, but it is also a citizen of its state of incorporation—wherever that might be. See 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

In sum, the Court is satisfied that Defendant is a citizen of California and of Delaware and is not a citizen of Florida. But the Court still cannot decipher the citizenship of either of Plaintiff's two members, and thus it cannot discern the citizenship of Plaintiff either. Because Defendant, as the party invoking this Court's jurisdiction, has not met its burden to establish that the parties are

of diverse citizenship, it is hereby **ORDERED** as follows:

1. This case is **REMANDED** to the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida, Case No. 35-2022-CA-001071.

2. Plaintiff's Motion for Remand (Doc. 12) is **deemed moot.**

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on September 16, 2022.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record